IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MERINO, | No. C 08-03231 CW (PR) |
|     Petitioner, | ORDER GRANTING PETITIONER'S REQUEST FOR STAY AND ABEYANCE OF FEDERAL PROCEEDINGS; ADMINISTRATIVELY CLOSING CASE |
|     v. | |
| MICHAEL MARTEL, Warden, | (Doc. #14) |
|     Respondent. | |

INTRODUCTION

Petitioner Mario Merino, a state prisoner, has filed a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On July 15, 2008, the Court issued an Order to Show Cause why the writ should not be granted. Doc. #2. On December 3, 2008, Respondent filed an Answer. Doc. #11. On December 12, 2008, Petitioner filed a Traverse. Doc. #13.

On January 26, 2010, Petitioner filed a request to stay and abey federal proceedings. Doc. #14. Petitioner's request was prompted by a November 2009 letter he received from the Santa Clara County Office of the Public Defender, which

1

informed him that the office was reopening his case based on the state appellate court's recent decision in People v. Uribe, 162 Cal. App. 4th 1457 (2008). Uribe held that a videotape of a victim's Sexual Assault Response Team (SART) examination was favorable defense evidence as defined under Brady v. Maryland, 373 U.S. 83 (1963) and that the prosecution's failure to produce the videotape of the SART exam constituted a Brady violation. Uribe, 162 Cal. App. 4th at 1463.

In his request for a stay, Petitioner explains that "it was not until [he] was notified by the Santa Clara County Public Defender that . . . [he] even became aware that any [SART] videotape existed" and that, as in Uribe, the prosecution's failure to produce the SART videotape in his case violated Brady. Doc. #14 at 2. Citing this newly-discovered evidence, Petitioner moves for a stay and abeyance of these proceedings to allow him to exhaust in state court his new claims of Brady error and prosecutorial misconduct related to the suppression of the videotape. Respondent opposes the motion on the ground that "because Petitioner failed to include the claim he now seeks to exhaust in his originally filed petition, he does not present a mixed petition," and argues this Court accordingly has no discretion to issue the stay. Doc. #15 at 2. The Court disagrees.

DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are

2

first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b) & (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).  District courts have inherent authority to issue stays where a stay would be a proper exercise of discretion.  Rhines v. Webber, 544 U.S. 269, 276 (2005).  AEDPA does not strip district courts of that discretion; it merely limits it.  Id.  Stay and abeyance is appropriate when the district court determines there was good cause for petitioner's failure to exhaust his unexhausted claim in state court and the claim is potentially meritorious.  Id. at 277.

Here, it appears that good cause exists for Petitioner's failure to exhaust his claims at the time he filed the instant Petition on July 3, 2008, because it was not until late November 2009 that the Santa Clara County Office of the Public Defender notified him that the prosecution failed to disclose Brady evidence in his case.  Petitioner filed his request for a stay within two months of receiving notice.  See Doc. #14 at 2-3.

Further, this is Petitioner's first habeas petition and there is no evidence he seeks the stay for improper purposes. See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under 28 U.S.C. § 2254, there is a likelihood of prejudice to petitioner if the stay is not

3

1  granted and there is no evidence that the motion for a stay is
2  brought to delay, vex, or harass, or that the request is an
3  abuse of the writ).  Accordingly, the Court GRANTS Petitioner's
4  request for a stay.

CONCLUSION

6  Petitioner's request for a stay (Doc. #14) is GRANTED.
7  These proceedings are hereby STAYED pending Petitioner's
8  exhaustion of his state judicial remedies.  Petitioner must act
9  diligently in exhausting his state judicial remedies or the
10 stay may be lifted. He must file quarterly reports describing
11 the progress of his state court proceedings, commencing <u>thirty
12 (30) days</u> from the date of this Order and continuing every
13 <u>ninety (90) days</u> thereafter until his state court proceedings
14 are terminated.  He also must attach to his status reports
15 copies of the cover page of any document that he files with or
16 receives from the California Supreme Court relating to the new
17 claims.

18 The Clerk of the Court shall terminate the motion listed
19 under docket number 14 and ADMINISTRATIVELY CLOSE the file
20 pending the stay of this action.  Nothing further will take
21 place in this action until Petitioner receives a final decision
22 from the California Supreme Court on his unexhausted claims
23 and, within <u>thirty (30) days</u> of doing so, moves to lift the
24 Court's stay, reopen the action and amend the stayed Petition
25 to add the newly-exhausted claims.

IT IS SO ORDERED.

Dated: 5/6/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MARIO MERINO,

        Plaintiff,

  v.

WARDEN, MULE CREEK STATE PRISON et al,

        Defendant.

Case Number: CV08-03231 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mario Merino V-54572
Mule Creek State Prison
B-8-242U
P.O. Box 409040
Ione, CA 94560

Dated: May 6, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk